UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAVONNE LOWRY, on behalf of
J.B., Soc. Sec. #XXX-XX-0475

               Plaintiff,

v.

                                           3:09-CV-0458
                                           (GTS/VEB)

MICHAEL J. ASTRUE, Commissioner of
Social Security,

               Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

OLINSKY & SHURTLIFF LLP              JAYA SHURTLIFF, ESQ.
  Counsel for Plaintiff
300 South State Street, 5th Floor
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION     JENNIFER S. McMAHON, ESQ.
OFFICE OF REGIONAL GEN. COUNSEL
  Counsel for Defendant
26 Federal Plaza - Room 3904
New York, New York 10278

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this action filed by Shavonne Lowry on behalf of J.B. ("Plaintiff" or "Claimant") against Social Security Commissioner Michael J. Astrue ("Defendant") pursuant to 42 U.S.C. § 405(g) seeking Social Security benefits, are the following: (1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 13); (2) Defendant's motion for judgment on the pleadings (Dkt. No. 14); (3) the Report-Recommendation of United States Magistrate Judge Victor E. Bianchini, issued pursuant to 28 U.S.C. § 636(b) and Local

Rule 72.3(c) of the Local Rules of Practice for this Court, recommending that (a) Plaintiff's motion for judgment on the pleadings be denied, (b) Defendant's motion for judgment on the pleadings be granted, (c) Defendant's decision denying Social Security benefits to Plaintiff be affirmed, and (d) Plaintiff's Complaint be dismissed (Dkt. No. 16); and (4) Plaintiff's Objections to the Report-Recommendation. (Dkt. No. 17.)  For the reasons set forth below, Plaintiff's Objections are rejected; Magistrate Judge Bianchini's Report-Recommendation is accepted and adopted in its entirety; Plaintiff's motion for judgment on the pleadings is denied; Defendant's motion for judgment on the pleadings is granted; Defendant's decision denying Social Security benefits to Plaintiff is affirmed; and Plaintiff's Complaint is dismissed.

I.    RELEVANT BACKGROUND

   A.    Procedural History

Because neither party has objected to the to Part II of Magistrate Judge Bianchini's Report-Recommendation, setting forth the procedural background of this action, the Court adopts that description of this action's procedural background.  (*See generally* Dkt. No. 16, Part II [Report-Rec].)

On June 30, 2006, Plaintiff applied for supplemental security income ("SSI") on J.B.'s behalf based on J.B.'s asthma condition.  (*See* Administrative Transcript ["T."] at 25, 34.)[1]  On October 17, 2006, her application was denied by the Social Security Administration.  (T. at 32.) On October 7, 2008, a hearing was held before an Administrative Law Judge ("ALJ") of the Social Security Administration.  (T. at 267.)

---

[1] "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'"  *Dixie v. Comm'r of Soc. Sec.*, 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

2

In his decision, the ALJ applied the three-step evaluation process for determining whether a child can meet the statutory definition of disability.  "The first step of the test requires a determination of whether the child has engaged in substantial gainful activity." *Rossi v. Commissioner of Social Sec.*, 10-CV-0097, 2010 WL 5313771, at *3 (N.D.N.Y. Dec. 2, 2010) (Baxter, M.J.) (citing 20 C .F.R. § 416.924[b]; *Kittles ex rel. Lawton v. Barnhart*, 245 F. Supp.2d 479, 487-88 [E.D.N.Y. 2003]).  "If so, then by statute and by regulation, the child is ineligible for SSI benefits." *Rossi*, 2010 WL 5313771, at *3 (citing 42 U.S.C. § 1382c[a][3][C][ii]; 20 C.F.R. § 416.924[b]).  "If the claimant has not engaged in substantial gainful activity, the second step of the test requires examination of whether the child suffers from one or more medically determinable impairments that, either alone or in combination, are properly regarded as 'severe,' in that they cause more than a minimal functional limitation." *Id*.  "If the child if found to have a severe impairment, the Commissioner must then determine, at the third step, whether the impairment meets or equals a presumptively disabling condition identified in the listing of impairments set forth in 20 C.F.R. Pt. 404, Subpt. P., App. 1." *Id*.[2]

---

[2]  "Equivalence to a listing can be either medical or functional." *Rossi*, 2010 WL 5313771, at *3.  "If an impairment is found to meet, or qualify as medically or functionally equivalent to, a listed disability, and the twelve-month durational requirement is satisfied, the claimant will be found to be disabled." *Id*. "'Functional' equivalence must be examined only if it is determined that the claimant's impairment does not meet or medically equal the criteria for a listed impairment." *Id*. "Analysis of functionality is informed by considering how a claimant functions in six main areas referred to as 'domains.'" *Id*. "The domains are described as 'broad areas of functioning intended to capture all of what a child can or cannot do.'" *Id*. (quoting 20 C.F.R. § 416.926a[b][1]).  "Those domains include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being." *Id*. (citing 20 C.F.R. § 416.926a[b][1]).  "Functional equivalence is established by a finding of an 'extreme' limitation, meaning 'more than marked,' in a single domain." *Id*. (quoting, *inter alia*, 20 C.F.R. § 416.926a[a]).  "An 'extreme limitation' is an impairment which 'interferes very seriously with [the claimant's] ability to independently initiate, sustain, or complete activities.'" *Id*. (quoting 20 C.F.R. § 416.926a[e][3][i]).  "Alternatively, a finding of disability is warranted if a 'marked' limitation is found in any two of the listed domains." *Id*. (quoting 20 C.F.R. § 416.926a[a]).  "A

After applying the above-described three-step evaluation process, the ALJ concluded that J.B. was not disabled. (T. at 16.) More specifically, in reaching this conclusion, the ALJ made the following findings: (1) J.B. was an "older infant" pursuant to 20 C.F.R. § 416.926a(g)(2) on June 30, 2006 (the date the application for benefits was filed), and January 12, 2009 (the date of the ALJ's decision); (2) J.B. had not engaged in substantial gainful activity at any time; (3) J.B. suffers from asthma, a severe impairment pursuant to 20 C.F.R. § 416.924 (c); (4) J.B. did not have an impairment or combination of impairments which met the listed impairment for asthma set forth in 20 C.F.R. Part 404, Subpart P, Appendix I (the "Listings"); (5) J.B. did not have an impairment or combination of impairments that functionally equaled an impairment set forth in the Listings; (6) while J.B.'s medically determinable impairment could reasonably be expected to produce the alleged symptoms, the statements by Plaintiff, J.B.'s grandmother, and a child care worker concerning the intensity, persistence, and limiting effects of the symptoms, were not credible to the extent alleged; and (7) J.B. had no limitations in five of the six domains of function,³ and a less than marked limitation in the sixth domain (health and physical well-being). (*Id*. at 16-24.)

---

'marked limitation' exists when the impairment 'interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities.'" *Id*. (quoting 20 C.F.R. § 416.926a[e][2][I]). "A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with the ability to function (based upon age-appropriate expectations) independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.00(C).

³ The six domains of function include the following: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; (4) moving about and manipulating objects; (5) ability to care for self; and (6) health and physical well-being. (T. at 20-24.)

4

Plaintiff appealed from the ALJ's decision to the Social Security Administration's Appeals Council. (T. at 6-9.) On March 20, 2009, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Defendant. (*Id*.) On April 17, 2009, Plaintiff commenced this action in this Court. (Dkt. No. 1.)

Generally, in her brief in support of her motion for judgment on the pladings, Plaintiff asserts the following three arguments: (1) the ALJ erred by determining that J.B.'s asthma did not meet the listing requirement for asthma (Dkt. No. 13 at 1); (2) the ALJ failed to follow the treating physician rule and meet his duty to develop the record (*id*. at 2); and (3) the ALJ did not properly evaluate the credibility of the hearing testimony and evidence provided by other sources because he failed to comply with SSR 96-7p and 20 C.F.R. Sec. 404.1529 in determining credibility (*id*. at 3).

Generally, in his brief in opposition to Plaintiff's motion, and in support of his own motion for judgment on the pleadings, Defendant disagrees with each of these three arguments, and argues that the decision finding Plaintiff not disabled should be affirmed. (Dkt. No. 14.)

**B.     Magistrate Judge Bianchini's Report-Recommendation**

On June 30, 2010, Magistrate Judge Bianchini issued a Report-Recommendation recommending that Defendant's decision denying Social Security benefits be affirmed and that the Complaint be dismissed. (Dkt. No. 16.) Generally, in support of his recommendation, Magistrate Judge Bianchini found as follows: (1) the ALJ's analysis of the §103.03(B) listing for asthma was supported by substantial evidence in the record; (2) the ALJ adequately developed the record and the analysis of Plaintiff's treating physician was supported by substantial evidence and followed the treating physician's rule; and (3) the ALJ properly exercised his discretion to evaluate the credibility of the subjective evidence and rendered an independent

5

judgment regarding the extent of the subjective complaints based on the objective medical and other evidence. (*Id.* at Part III[B].)

    **C.**    **Plaintiff's Objections to the Report-Recommendation**

On July 14, 2010, Plaintiff timely filed her Objections to the Report-Recommendation. (Dkt. No. 17.) Generally, in her Objections, Plaintiff argues that the Court should reject the Report-Recommendation for the following three reasons: (1) Magistrate Judge Bianchini erred in upholding the ALJ's determination that J.B.'s asthma did not meet the listing requirement; (2) Magistrate Judge Bianchini erred in finding the ALJ properly developed the record; and (3) the ALJ did not apply the appropriate legal standards in evaluating Plaintiff's credibility, and therefore Magistrate Bianchini erred in not remanding the action for further administrative proceedings. (Dkt. No. 17, at 1-3.)

**II.**    **APPLICABLE LEGAL STANDARDS**

    **A.**    **Standard of Review of Magistrate Judge Bianchini's Report-Recommendation**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[4]

---

[4] On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments made in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[5] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

      **B.**      **Standard Governing Judicial Review of Defendant's Decision**

In Part III(A) of his Report-Recommendation, Magistrate Judge Bianchini correctly recited the legal standard governing judicial review of Defendant's decision. (Dkt. No.16, at 3-6.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

---

[5]  *See also Camardo v. Gen. Motors Hourly-Rate Empl. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

**III.    ANALYSIS**

As an initial matter, even when construed with the utmost of liberality, Plaintiff's Objections fail to specifically address Magistrate Judge Bianchini's recommendations. (Dkt. No. 17.) Instead, Plaintiff's Objections simply reiterate her arguments, presented in her papers submitted to Magistrate Judge Bianchini, as to why the ALJ's findings and conclusions were in error. (*Id.*) For the reasons explained above in Part II.A. of this Decision and Order, the Court need review the Report-Recommendation only for clear error.

After carefully reviewing all of the papers in this action, including Magistrate Judge Bianchini's Report-Recommendation, and Plaintiff's Objections thereto, the Court concludes that Magistrate Judge Bianchini's thorough Report-Recommendation is correct in all respects. (Dkt. No. 16.) Magistrate Judge Bianchini employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein. (*Id.*)

The Court would add only three points. First, Magistrate Judge Bianchini's Report-Recommendation would survive even a *de novo* review.

Second, as Magistrate Judge Bianchini noted in his thorough Report-Recommendation, the fact that J.B. received breathing treatments during his emergency room visits is not dispositive of the issue of whether the visit constitutes an "attack" as that term is defined in 20 C.F.R. Part 404 Subpart P, Appendix I, § 3.00(C). Nor is the fact that the symptoms occurred over more than a one-day period. Rather, an episode constitutes as "attack" when the episode is "prolonged" *and* the treatment required is "intensive." Here, there exists in the record substantial evidence that, despite the number of hospital visits, J.B. did not suffer six or more "attacks" in one year.

8

Third, after the conclusion of the administrative hearing, J.B.'s treating physician was re-contacted and provided Plaintiff's counsel with medical records and a form, which were in turn submitted to the ALJ.  In addition, in the form, J.B.'s treating physician provided an assessment regarding Plaintiff's condition.  Because this information included an assessment of J.B.'s condition, as well as extensive treatment notes that support the assessment, it cannot be said that the ALJ's failure to re-contact J.B.'s treating physician for a second time and request a functional capacity evaluation constituted a breach of the ALJ's duty to develop the record.  *See Rocchio v. Astrue*, 08-CV-3796, 2010 WL 5563842, at *15 (S.D.N.Y. Nov. 19, 2010) ("[N]othing in the C & P records or the hearing transcript suggests that Rocchio ever suffered from a mental or emotional disorder severe enough to be disabling. . . . In fact, the C & P notes frequently observe that Rocchio had '[n]o complaints,' . . . was 'doing well' . . ., was 'doing ok' . . ., was 'fine' . . ., and was 'feeling well' . . . .  Accordingly, because Rocchio's psychological records are complete and indicate that his panic attacks were under control with the assistance of psychotherapy and medication, there would have been no reason for the ALJ to request a consultative evaluation or to suggest that Rocchio obtain a further opinion from Dr. Okpalanma.").

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Bianchini's Report-Recommendation (Dkt. No. 16) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and it is further

      **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and it is further

      **ORDERED** that Defendant's decision denying disability benefits is **AFFIRMED**; and it is further

      **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 30, 2011
       Syracuse, New York

                                        Hon. Glenn T. Suddaby
                                        U.S. District Judge